UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:23-cv-02401-DOC (SK)                                                Date: January 18, 2024

Title    Mark P. Oster v. Mark W. Burnett

Present: The Honorable:  Steve Kim, United States Magistrate Judge

|  Connie Chung  |  n/a  |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None present | None present |

**Proceedings:**      (IN CHAMBERS) **SCREENING ORDER**[1]

    Plaintiff is a federal pretrial detainee at Santa Ana City Jail proceeding pro se with a civil complaint against FBI Special Agent Mark W. Burnett in his official capacity under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). (ECF 1). According to the complaint, defendant executed a search warrant at plaintiff's residence on March 11, 2021, which ultimately resulted in the charges on which plaintiff is being detained. (*Id.* at 1-2). Plaintiff alleges that during that search, defendant opened a lockbox that contained documents, sleeping medication as both pills and powder, and $460 in cash, among other items. (*Id.* at 3-4). While defendant was logging these items, plaintiff alleges that he saw defendant "pocket[]" the sleeping pills. (*Id.* at 4). He also claims that defendant failed to document, and thus must have stolen, the cash. (*Id.* at 5). Plaintiff therefore sues under *Bivens* for $580 in compensatory damages and $6,800 in punitive damages. (*Id.* at 7).

    Because plaintiff is proceeding in forma pauperis, the court must screen his complaint to identify claims that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary damages from any defendant immune from

---

[1] This order is non-dispositive, so it is not immediately appealable. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *McKeever v. Block*, 932 F.2d 795, 799 (9th Cir. 1991). If plaintiff believes this order is dispositive, he must object to the order within 14 days. *See* Fed. R. Civ. P. 72(a), (b); L.R. 72-2.1; *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 & n.1 (9th Cir. 1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:23-cv-02401-DOC (SK)                                                    Date: January 18, 2024

Title   Mark P. Oster v. Mark W. Burnett

such relief.  *See* 28 U.S.C. §§ 1915(e)(B)(ii), 1915A(a)-(b).  Having conducted this screening, the court finds as follows:

*First*, *Bivens* provides no remedy for plaintiff's claim.  Plaintiff alleges a Fourth Amendment violation related to an FBI agent's seizure of his property while executing a search warrant.  (ECF 1 at 2).  But while *Bivens* recognized a Fourth Amendment claim where federal agents conducted a warrantless search and arrested plaintiff without probable cause, 403 U.S. at 389, the Supreme Court has not extended *Bivens* to this context where agents acted under a search warrant.  *See Massaquoi v. Fed. Bureau of Investigation*, 2023 WL 5426738, at *2 (9th Cir. Aug. 23, 2023) (affirming dismissal as an impermissible new *Bivens* claim "because the agents had a search warrant" and FBI agents was "a new category of defendants").  And the Supreme Court has warned federal courts not to create *Bivens* remedies on their own without its express guidance.  *See Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017).  That is why federal courts have dismissed for lack of jurisdiction *Bivens* suits concerning searches and seizures conducted pursuant to a warrant. [2]  *See, e.g.*, *Massaquoi*, 2023 WL 5426738, at *2; *Zubkova v. United States*, 2023 WL 2468948, at *11–12 (S.D. Cal. Mar. 10, 2023).  This case likewise presents no reason or occasion to imply a new *Bivens* cause of action not expressly authorized by the Supreme Court, especially since plaintiff may report misconduct allegations to the Department of Justice's Office of the Inspector General.  *See* 5 U.S.C. § 413(b)(2), (d); 28 C.F.R. §§ 0.29c(d), 0.29h (authorizing the investigation of misconduct allegations); *see also Pettibone v. Russell*, 59 F.4th 449, 456–57 (9th Cir. 2023) (finding Inspector General grievance procedures to be an adequate alternative remedy).  And the Federal Tort Claims Act offers a cause of action for damages.[3]  *See Hernandez v. Mesa*, 140 S. Ct. 735, 748 n.9 (2020).

---

[2] To the extent that plaintiff is asserting a due process claim under *Bivens* for deprivation of property (ECF 1 at 1-2), there is no *Bivens* remedy available for that type of claim either.  *See, e.g.*, *Jackson v. McNeil*, 2023 WL 3092302, at *1 (9th Cir. Apr. 26, 2023); *Barrett v. Ciolli*, 2021 WL 9667738, at *5 (E.D. Cal. Apr. 5, 2021) (collecting cases dismissing such claims for lack of jurisdiction).

[3] This order is not intended to suggest that such a claim would have merit, as any such claim would still need to be timely under the applicable statute of limitations, 28 U.S.C. § 2401(b); allege that defendant was acting within the scope of his employment when he committed the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:23-cv-02401-DOC (SK)　　　　　　　　　　　　Date: January 18, 2024

Title　　Mark P. Oster v. Mark W. Burnett

　　*Second*, even if plaintiff's claim could proceed under *Bivens*, he has failed to show that his claim is timely.  Relief is unavailable if plaintiff's claim is untimely under the applicable statute of limitations.  *See* Fed. R. Civ. P. 12(b)(6).  Here, plaintiff had to bring any claims alleging constitutional violations within two years of the event—that is, by no later than March 2023.  *See Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991) (state personal injury statute of limitations applies to *Bivens* claims); *see also* Cal. Code Civ. Proc. § 335.1.

　　*Third*, *Bivens* claims cannot be maintained in any event against individuals in their official capacities.  *See Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007) (bringing a *Bivens* suit against a defendant in his official capacity "would merely be another way of pleading an action against the United States, which would be barred by the doctrine of sovereign immunity").  Thus, by suing defendant in his official capacity, he has effectively sued the United States, which enjoys sovereign immunity from a *Bivens* damages suit like this one.

　　For all these reasons, plaintiff is ordered to show cause in writing by **February 9, 2024** why the complaint should not be dismissed.  Plaintiff may discharge this order by voluntarily dismissing this action using the attached form CV-09x.  Cases voluntarily dismissed this way do not count as strikes under 28 U.S.C. § 1915(g).  But suits dismissed on their merits—including those dismissed as untimely under applicable statutes of limitations—do count against that lifetime maximum.  In any event, if plaintiff files no notice of voluntary dismissal, amended complaint that cures the factual and legal deficiencies outlined here, or other written response to this screening order by **February 9, 2024**, this action may be dismissed involuntarily for failure to prosecute and obey court orders.  *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

　　IT IS SO ORDERED.

---

theft, 28 U.S.C. § 1346(b)(1); and name the United States as the proper defendant, *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998).