# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK P. OSTER,<br><br>                Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendant. | Case No. 8:23-cv-02401-DOC (SK)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT** |

In accordance with 28 U.S.C. § 636, the Court has reviewed the filed Report and Recommendation (R&R) to grant Defendant's motion to dismiss Plaintiff's second amended complaint, any pertinent records as needed, and Plaintiff's objections (ECF 33). None of those objections has merit.

For starters, objections that "merely repeat[] the same arguments . . . considered and found to be insufficient" do not trigger de novo review since they "do not meaningfully dispute the magistrate judge's findings and recommendations." *Trejo Perez v. Madden*, 2020 WL 1154807, at *1 (E.D. Cal. Mar. 10, 2020). Thus, for petitioner's objections that merely reargue the same grounds for statutory or equitable tolling considered—but rejected—in the R&R, the Court has no duty to reevaluate those same arguments from scratch. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Objections to an R&R "are not a vehicle for the losing party to relitigate its case." *Hagberg v. Astrue*, 2009 WL 3386595, at *1 (D. Mont. Oct. 14, 2009). In any event, the Court has still considered Plaintiff's objections based on these rehashed arguments (ECF 33 at 3-6), and finds that they lack merit for the reasons

detailed in the R&R.

Second, new arguments raised for the first time in objections likewise do not trigger automatic de novo review and may be disregarded as improper objections. *See United States v. Howell*, 231 F.3d 615, 621–23 (9th Cir. 2000). For the first time here, Plaintiff now claims that his criminal defense attorney in his pending federal child pornography case was somehow responsible for filing on time his unrelated civil administrative claim with the FBI. (ECF 33 at 2-3, 7). Not only is that argument new (and may therefore be summarily rejected for that procedural reason alone), but it also provides no basis for equitable tolling on the merits, as Plaintiff mistakenly believes. Plaintiff "has no right to counsel in civil actions," so he cannot insist on "effective assistance" of counsel in this civil FTCA lawsuit. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Like any represented litigant in a civil action, then, Plaintiff must "bear the risk of attorney error." *Holland v. Florida*, 560 U.S. 631, 651–52 (2010). In any case, even on its own terms, Plaintiff's misguided effort to obtain equitable tolling here by blaming his attorney is a dead end, since that criminal defense attorney doesn't even represent Plaintiff in this civil action—which he is pursuing pro se. And, as always, a pro se litigant's "lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

Third and last, any blanket or boilerplate "objection" that just amounts to dissatisfaction or disagreement with the final disposition recommended in the R&R merits no discussion, much less de novo review, since such professed objections are directed at no identifiable substantive portion of the R&R that can even be reviewed. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 152 (1985); *McCullock v. Tharratt*, 2017 WL 6398611, at *1 (S.D. Cal. Dec. 15, 2017).

For all these reasons, the Court finds that nothing in Plaintiff's objections affects the material findings and conclusions in the R&R. As a result, the Court accepts the recommended disposition and orders that Plaintiff's Second Amended Complaint be DISMISSED without leave to amend. Judgment dismissing this action with prejudice will be entered accordingly.

IT IS SO ORDERED.

DATED: <u>August 13, 2024</u>

DAVID O. CARTER
United States District Judge